IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD BARNHART, JR.,

    Petitioner,

    v.

WARDEN, NORTH CENTRAL
CORRECTIONAL COMPLEX,

    Respondent.

CASE NO. 2:20-CV-3330
JUDGE SARAH D. MORRISON
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On December 10, 2020, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 10.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 13.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 13) is **OVERRULED.** The Report and Recommendation (ECF No. 10) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

On January 31, 2018, Petitioner was convicted after a jury trial in the Meigs County Court of Common Pleas on aggravated vehicular homicide, vehicular manslaughter, and OVI. He asserts that his convictions violate the Fourth Amendment; that he was denied the effective assistance of trial and appellate counsel; and that the trial court unconstitutionally denied his motion for a new trial. The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or failing to provide a basis for relief. Petitioner objects to those recommendations.

Petitioner again argues that the trial court denied his motion for a new trial because his attorney submitted an inaccurate or inadequate affidavit in support.  He maintains that he has established cause for his procedural default of his claim of ineffective assistance of appellate counsel.  He contends that the state courts did not provide him with a full and fair opportunity for review of his Fourth Amendment claim by applying an erroneous standard or review, wrongly denying his claim.  He raises the same arguments he previously presented.

These arguments are not persuasive.  Petitioner procedurally defaulted his claim of ineffective assistance of appellate counsel for failure to raise a claim of insufficiency of the evidence on direct appeal because he did not raise this same claim in the Ohio Court of Appeals or in the Ohio Supreme Court, where his appeal was dismissed for failure to prosecute when he failed to file a memorandum in support of jurisdiction in compliance with the Ohio Supreme Court's Rules of Practice.  The record does not indicate that Petitioner has established cause for this procedural default.  Moreover, "the Sixth Circuit has rejected the argument that 'egregious misapplication of a controlling Supreme Court precedent' could justify a federal habeas court in concluding that a petitioner had been denied a full and fair opportunity for presentment of his Fourth Amendment claim." *Neil v. Warden, Noble Corr. Inst*., No. 2:18-cv-1721, 2020 WL 489326, at *38 (S.D. Ohio Jan. 30, 2020) (citing *Eatmon v. Warden, Noble Correctional Institution*, No. 1:14-cv-741, 2016 WL 882097, at *6-7 (S.D. Ohio March 1, 2016) (citing *Gilbert v. Parke*, 763 F.2d 821, 824 (6th Cir. 1985)).  In any event, the record does not indicate that the state courts ignored federal law or support a claim of "egregious error."  As previously discussed in the Report and Recommendation, Petitioner cannot establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984) from any errors by trial counsel in submission of the affidavit in support of the motion for a new trial.  The record indicates that the trial court held

a hearing on the motion and denied the motion on the basis of the testimony presented by Warren "Chase" Payne, and not due to any inaccuracies or deficiencies in the affidavit. *See State v. Barnhart*, 4th Dist. Nos. 18CA8, 18CA15, 2019 WL 1422870, at *16-21 (Ohio Ct. App. Feb. 12, 2019).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S. 1071, --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

3

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

**IT IS SO ORDERED.**

s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**
