IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD BARNHARDT, JR.,

    Petitioner,

    v.

WARDEN, NORTH CENTRAL
CORRECTIONAL COMPLEX,

    Respondent.

CASE NO. 2:20-CV-3330
JUDGE SARAH D. MORRISON
Magistrate Judge Elizabeth P. Deavers

## **OPINION AND ORDER**

On January 25, 2021, Judgment was entered dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 15.) Petitioner has filed a Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 16.) For the reasons that follow, Petitioner's Motion for Reconsideration (ECF No. 16) is **DENIED**.

Petitioner contends that reconsideration of final Judgment of dismissal is warranted because the Court improperly dismissed his claims as procedurally defaulted and he is the victim of a manifest miscarriage of justice.

Rule 59(e) provides that a motion to alter or amend judgment may be filed within 28 days of the entry of judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *CitiMortgage, Inc.,* No. 2:13-cv-00680, 2015 WL 1000444, at *2 (S.D. Ohio Mar. 5, 2015 ) (quoting *Intern Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, -- U.S. --, --, 140 S. Ct. 1698, 1703 (2020) (citing *White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982)). It allows a district court to correct its own errors, thereby

sparing the parties and appellate courts the burden of unnecessary appellate proceedings. *Esparza v. Anderson*, No. 3:96-cv-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)).  However, "motions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, No. 2:05-cv-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (citing *Helton v. ACS Grp.,* 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475.  "In particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister,* 140 S.Ct. at 1702.  Moreover, in view of the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim.  *Solly v. Mausser*, No. 2:15-cv-956, 2016 WL 74986 at *1 (S.D. Ohio Jan. 7, 2016).  It is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected.  *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D. Ohio 1996)).  "When the 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration but by 'appeal to the Sixth Circuit.'"  *Id.* (*quoting Dana Corp. v. United States*, 764 F.Supp. 482, 489 (N.D. Ohio 1991)).

      This Court has already considered, and rejected, the arguments Petitioner now raises.  As previously discussed, Petitioner waived his claim of ineffective assistance of appellate counsel by failing to raise this same issue in the Ohio Court of Appeals or in the Ohio Supreme Court. The Court denied Petitioner's claim of ineffective assistance of trial counsel as plainly without

merit and not on the basis of procedural default.  Additionally, Petitioner waived any federal claim in regard to the denial of his motion for a new trial by failing to present any federal claim in the Ohio courts.  Petitioner has provided no basis for reconsideration of that determination.  The alleged violation of state law with respect to the trial court's denial of Petitioner's motion for a new trial does not provide Petitioner a basis for relief -- "[t]o establish a constitutional due process claim, [Petitioner] must demonstrate that the trial court's denial of his motion for new trial was 'so egregious' that it violated his right to a fundamentally fair trial." *Pudelski v. Wilson*, 576 F.3d 595, 610-11 (6th Cir. 2009) (citing *Fleming v. Metrish*, 556 F.3d 520, 535 (6th Cir. 2009); *Baze v. Parker*, 371 F.3d 310, 324 (6th Cir. 2004)).  Again, the record does not reflect these circumstances here.  The record likewise does not indicate that it is "more likely than not" based on new evidence not previously presented at trial that no reasonable juror would find Petitioner guilty beyond a reasonable doubt so as to permit consideration of Petitioner's procedurally defaulted claims on the merits. *Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005).

    Therefore, Petitioner's Motion for Reconsideration (ECF No. 16) is **DENIED.**

**IT IS SO ORDERED.**

           /s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**